UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN E. MILANES,

    Plaintiff,

    v.

ROSA EMILIA RODRÍGUEZ-VÉLEZ, et al.,

    Defendants.

Civil No. 09-1108 (JAF)

**O R D E R**

On February 5, 2009, Plaintiff, former Assistant U.S. Attorney Juan E. Milanés, brought this action against Defendant Rosa Emilia Rodríguez-Vélez, the current United States Attorney, and the United States of America. Docket No. 1. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Fourth and Fifth Amendments compensable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Docket No. 4. On April 16, 2009, Plaintiff asked this court to petition the Chief Judge of the First Circuit to reassign this case to a judge from another federal district. Docket No. 22.

Although the chief judge of the court of appeals may temporarily assign a judge from another district "in the public interest," 28 U.S.C. § 291(b), ordinarily the court of appeals will not act on that request unless first endorsed by the district court. Furthermore, we need not make a similar petition on our own, because we find no grounds for the judges of this district to recuse themselves en masse.

Civil No. 09-1108 (JAF)                                                         -2-

Parties seeking judicial disqualification in the district court must ordinarily follow the procedures set forth in 28 U.S.C. §§ 144, 455. Giorgi v. Ocasio-González, 840 F.2d 1022, 1034 (1st Cir. 1988). Under § 144, a litigant may move for recusal due to personal bias or prejudice of the judge. However, the movant must submit an affidavit stating the facts and bases for his belief. Id. Plaintiff has not satisfied the requisite procedures for this mode of relief.

Alternatively, § 455 provides for two avenues for recusal, one enumerated, the other more general. § 455(a)-(b). Under § 455(b), a judge must disqualify himself on the basis of (1) personal bias concerning a party or personal knowledge of disputed facts, (2) previous work in private practice regarding the matter at issue, (3) prior employ in government regarding, or in which the judge expressed an opinion relating to, the matter, (4) financial interest in the matter, either personally, as a fiduciary, or through the judge's spouse or children, or (5) the involvement of the judge's spouse, people within the third degree of relationship to the judge, or their spouses, as litigants, counsel, or otherwise interested parties. Plaintiff has not presented facts which implicate any of these grounds to disqualify all judges of this court. See Docket No. 22.

More generally, § 455(a) requires the judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." The First Circuit has interpreted this provision to require "facts that would create a reasonable doubt concerning the

Civil No. 09-1108 (JAF)                                                     -3-

judge's impartiality . . . in the mind of the reasonable man." United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996).

Plaintiff cites three facts for his motion, viz., that (1) Judge Carmen Consuelo Cerezo suggested assigning this case to a judge from outside this district when she recently recused herself, (2) the members of this court appointed Defendant Rodríguez-Vélez as acting United States Attorney pending formal appointment of a successor by the President and Congress, and (3) Plaintiff shares a condominium complex with members of this court and his children attend the same school as the judges' children. Docket No. 22. Firstly, Judge Cerezo merely suggested a course of action. See Docket No. 18. Secondly, although the judges of this court initially approved Rodríguez-Vélez for her current position, there is no indication that any of the judges are personally partial toward her. See id. We cannot accept the patently absurd proposition that, because we appointed the acting United States Attorney as a purely ministerial matter under 28 U.S.C. § 546(d), we must then recuse ourselves in all cases that she prosecutes or in which she appears as a party in this court. Lastly, the mere fact that Plaintiff's dependents may come into regular contact with the judges' children does not import bias, prejudice or favoritism. See id. Furthermore, Plaintiff has not shown any casual interaction with the judges as neighbors has led them to harbor any resentment or favoritism toward him on a personal level. See id. Accordingly, these allegations flatly fail to suggest an objectively

Civil No. 09-1108 (JAF)                                                    -4-

reasonable doubt as to the judges' impartiality. See Voccola, 99 F.3d at 42.

For the foregoing reasons, we hereby **DENY** Plaintiff's motion for recusal and reassignment to a different judge. Docket No. 22.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of April, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge